UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SETH MITCHELL,

Plaintiff,

-against-

THE GOLDMAN SACHS GROUP, INC.; CIGNA
CORPORATION; AMERICAN INTERNATIONAL
GROUP, INC.; HEWITT ASSOCIATES LLC; THE
CITY OF NEW YORK; THE NEW YORK POLICE
DEPARTMENT; THE FIRE DEPARTMENT OF THE
CITY OF NEW YORK; NEW YORK-
PRESBYTERIAN/WEILL CORNELL MEDICAL
CENTER/THE PAYNE WHITNEY CLINIC; PETER
SOLMSSEN, ESQ.; NICOLE JONES, ESQ.; EDITH
COOPER; JOHN MURABITO; CONRAD NAAS;
GENA PALUMBO, ESQ.; JAMES SAUNDERS, ESQ.;
JAMES DALY.; KATHERINE O'NEILL; VICKI
BICHEL; SUSAN WANTLAND; DOMINICK DI
LILLO; JORDAN MAZUR; KIMBERLY MILLER;
LEAH CALABRIA; MELANIE DOUGHERTY;
ANDREW SONPON JR., ESQ.; JOHN
TIMMERBERG; JOHN & JANE DOES 1 - 1000,

Defendants.

17-CV-6258 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging violation of his constitutional

rights. By order dated October 6, 2017, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court directs

Plaintiff to show cause, by filing a declaration within sixty days, why this complaint should not

be dismissed as untimely.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

## BACKGROUND

Plaintiff's complaint, titled "United States of America Sovereign Complaint," is not the

model of clarity. Plaintiff outlines the places and dates of occurrence of the incidents giving rise

to his claims. He indicates that his claims arose:

(1) in Hong Kong, China, from July 2001 – November 2003;

(2) in Tokyo, Japan, from January 2002 – January 2003;

(3) in Bangkok, Thailand, from January 2002 – November 2003;

(4) at Trump International Hotel & Tower, New York, New York on June 14, 2003;

(5) at the Inn at Irving Place, New York, New York on July 1, 2003; and

(6) at the New Yok-Presbyterian/Weill Cornell Medical Center/The Payne Whitney

Clinic, New York New York.

As best as the Court is able to discern, it appears that Plaintiff was previously employed

by Defendant Goldman Sachs Group, Inc., and he asserts that his employment "led to his

permanent disabilities, destitution, impoverishment, long-term homelessness." (Compl. at 7.)

Plaintiff alleges that:

"[b]eginning in mid-2002, Plaintiff became the targeted, purposeful victim of certain specific life-threatening maneuvers during business trips to Tokyo, Japan and Bangkok, Thailand, and locally in Hong Kong, China which included several instances of drugging and poisoning (Tokyo, Bangkok, and Hong Kong), economic espionage via the theft of material non-public documentation such as mobile phone records (Hong Kong, at the Luxury Corporate Residence), and attempted murder (Bangkok, details of which remain private at this pleading stage to protect Plaintiff's privacy), many of which, but not all, were caused by an individual with whom Plaintiff had a significant personal relationship (known as the "Black Widow" strategy) and had been invited into the Luxury Corporate Residence. Plaintiff experienced very similar tragic (but not life-ending) injuries (specifically drugging/poisoning) under comparable circumstances as has been caused, tragically, to Robert Kissel by his wife Nancy Kissel. . . ."

(*Id.* at 9.)

Plaintiff alleges further that he

"was uncertain as to the cause of the symptoms he began to experience in 2002 – 2003 in disparate locales during these poisoning and drugging episodes, which included specific episodic bouts of extreme physical illness and severe intellectual incapacitation – none of which he had ever experienced before or since [2003] – and decided to return to The United States of America, New York County, New York in January 2003 for medical diagnostic and treatment and recuperation with full support of GS [Human Capital Management ("HCM") – the human resources function]. As he became asymptomatic (but still quite unwell) there, he then returned to Hong Kong from New York County, New York in April 2003 and whilst determined to resume working, was still unable to function in his high-level employment position given the illnesses, injuries, and sicknesses caused to him with heinous, malicious intent in Hong Kong, Tokyo, and Bangkok previously. Given his ongoing severe health degradation of which he was fully self aware, he was compelled to return to The United States of America for a second time in May 2003 to find further medical treatment and engage in recuperation, after being physically unable to resume work in Hong Kong for GSSG. During this second stay in New York County, New York, he slowly began to feel like himself again, and was planning on returning to Hong Kong in late-June 2003 to once again attempt to resume work in GSSG."

(*Id.* at 10.)

Plaintiff asserts that

"[o]n 14 June 2003 via the placement of certain fraudulent '911 calls' by still yet unnamed criminals to defendant The New York Police Department ("NYPD"), . . . Plaintiff was illegally removed from his Private Luxury Hotel Suite #724 at TRUMP International Hotel & Tower ("TRUMP") and stolen from there, forced illicitly via transport by defendant The Fire Department of the City of New York

3

("FDNY") to 'New York-Presbyterian/Weill Cornell Medical Center/The Payne Whitney Clinic' for some unknown, unconscionable reason. There, he was subject to torturous, degrading, inconceivable and illegal confinement and fraudulent medical treatment, impeding and delaying his recuperation from his actual illnesses, injuries, accidents, and sicknesses and subsequent re-employment with GSSG in Hong Kong and instead infusing him with permanent disabilities of post-traumatic stress disorder ("PTSD"), anxiety and personality disorders, where such permanent disabilities since 'have prevented him from engaging in each and every occupation or employment for compensation or profit for which he is reasonably qualified by reason of his education, training or experience."

(*Id.*)

Plaintiff asserts further that

"[o]n 1 July 2003 via the placement of fraudulent '911 calls' by still as yet unnamed criminals to defendant NYPD . . . Plaintiff was once again illegally stolen from his Private Luxury Hotel Suite on Floor 2 at Inn at Irving Place ("Irving") and forced against his will illicitly via transport by defendant The Fire Department of the City of New York ("FDNY") to 'New York-Presbyterian/Weill Cornell Medical Center/The Payne Whitney Clinic' for some unknown, unconscionable reason. There, he was subject to torturous, degrading, inconceivable and illegal confinement and fraudulent medical treatment, impeding and delaying his recuperation from his actual illnesses, injuries, accidents, and sicknesses and subsequent re-employment with GSSG in Hong Kong and instead infusing him with permanent disabilities of post-traumatic stress disorder ("PTSD"), anxiety and personality disorders, where such permanent disabilities since 'have prevented him from engaging in each and every occupation or employment for compensation or profit for which he is reasonably qualified by reason of his education, training or experience."

(*Id.* at 10-11.)

Plaintiff seeks "[f]or a total Demand of $US26,717,100.00 in compensatory and $US150,000,000.00 in punitive damages asserted against the defendants' assets . . . for a total demand of $US176,717,100.00." (*Id.* at 33-34.)

**DISCUSSION**

**A.      Claims Under 42 U.S.C. § 1983**

To the extent that Plaintiff asserts that his constitutional rights were violated, Plaintiff's

claims are construed as claims under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983,

a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United

States was violated, and (2) the right was violated by a person acting under the color of state law,

or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

Plaintiff's claims against The Goldman Sachs Group, Inc., CIGNA Corporation,

American International Group, Inc., Hewitt Associates LLC, and New York-Presbyterian/Weill

Cornell Medical Center/The Payne Whitney Clinic must therefore be dismissed. Section 1983

provides that an action may be maintained against a "person" who has deprived another of "any

"rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The

Goldman Sachs Group, Inc., CIGNA Corporation, American International Group, Inc., Hewitt

Associates LLC, and New York-Presbyterian/Weill Cornell Medical Center/The Payne Whitney

Clinic are not "persons" within the meaning of § 1983. *See generally Will v. Mich. Dep't of State

Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman

v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a

"person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Co. Corr. Facility

Admin.*, No. 97 Civ. 420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional

facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claims against

these Defendants are dismissed.

**B.      Agencies of the City of New York**

Plaintiff's claims against the New York Police Department and the Fire Department of the

City of New York must also be dismissed because an agency of the City of New York is not an

entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

### C.     Private Prosecution

To the extent that Plaintiff seeks the investigation and criminal prosecution of any of the defendants or other parties mentioned in the complaint, the Court must dismiss these claims. A private individual cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990); *New York v. Muka*, 440 F. Supp. 33, 36 (N.D.N.Y. 1977). Furthermore, because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court . . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972); *Muka*, 440 F. Supp. at 36. The Court therefore dismisses Plaintiff's claim which seek the criminal prosecution of any of the defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.     Statute of Limitations

It appears that all of Plaintiff's claims are time-barred. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal

injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three

years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002).

Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the

injury that is the basis of the claim. *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.

1980). It is clear that Plaintiff knew or should have been aware of the alleged violations from

July 2001 through November 2003. This complaint was received by the Court on August 17,

2017, more than 16 years after the first alleged incident occurred, and approximately 14 years

after the last alleged incident occurred.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to]

make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S.

Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be

equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff

has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until

the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law

provides that where a person "is under a disability because of . . . insanity at the time the cause of

action accrues," the applicable statute of limitations will be tolled. New York Civil Practice Law

& Rules ("CPLR") § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4

(S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling

purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and

is "unable to protect [his] legal rights because of an overall inability to function in society").

New York also provides by statute for other circumstances in which a limitations period may be

tolled. *See, e.g.*, N.Y. CPLR § 204(a) (where commencement of an action has been stayed by

court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately

determined to be non-arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the

claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (death of

plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be

equitably tolled in this case. Because the failure to file an action within the limitations period is

an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed.

*Cortes v. City of New York*, 700 F. Supp. 2d 474, 482 (S.D.N.Y. 2010). Dismissal is appropriate,

however, where the existence of an affirmative defense, such as the statute of limitations, is plain

from the face of the pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua*

*sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds); *Baker v. Cuomo*,

58 F.3d 814, 818-19 (2d Cir. 1995) (*sua sponte* dismissal is "appropriate if it appears from the

face of the complaint that the action is barred . . . by the statute of limitations" ), *vacated in part*

*on other grounds*, 85 F.3d 919 (2d Cir. 1996)).

Because it is not clear that granting Plaintiff leave to address the timeliness of his claims

would be futile, the Court will therefore grant Plaintiff leave to address the timeliness issue and

to allege, if appropriate, why the applicable limitations period should be equitably tolled.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this

order to Plaintiff, and note service on the docket.

Defendants The Goldman Sachs Group, Inc., CIGNA Corporation, American

International Group, Inc., Hewitt Associates LLC, New York-Presbyterian/Weill Cornell Medical

Center/The Payne Whitney Clinic, the New York Police Department and the Fire Department of

the City of New York are dismissed by this order.

Case 1:17-cv-06258-CM   Document 8   Filed 11/02/17   Page 9 of 11

Plaintiff is directed to show cause, by filing a declaration within sixty days of this order, why this action should not be dismissed as untimely. Plaintiff must submit the attached declaration to this Court's Pro Se Intake Unit within sixty days of the date of this order, and label the document with docket number 17-CV-6258 (CM). A declaration form is attached to this order. No summons will issue at this time. If Plaintiff timely files a declaration, the Court shall review it, and if proper, shall order service on Defendants not dismissed by this order. If Plaintiff fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed as time-barred.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 2, 2017
         New York, New York

_____
            COLLEEN McMAHON
      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

                                            Case No. _____ CV _____

                -against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)

_____

Signature

_____

Name

_____

Prison Identification # (if incarcerated)

_____

Address                                City                State       Zip Code

_____

Telephone Number (if available)                E-mail Address (if available)