UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SETH MITCHELL,<br><br>                    Plaintiff,<br><br>            -against-<br><br>THE CITY OF NEW YORK; PETER SOLMSSEN, ESQ.; NICOLE JONES, ESQ.; EDITH COOPER; JOHN MURABITO; CONRAD NAAS; GENA PALUMBO, ESQ.; JAMES SAUNDERS, ESQ.; JAMES DALY.; KATHERINE O'NEILL; VICKI BICHEL; SUSAN WANTLAND; DOMINICK DI LILLO; JORDAN MAZUR; KIMBERLY MILLER; LEAH CALABRIA; MELANIE DOUGHERTY; ANDREW SONPON JR., ESQ.; JOHN TIMMERBERG; JOHN & JANE DOES 1 - 1000,<br><br>                    Defendants. | 17-CV-6258 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

By order dated November 2, 2017, the Court dismissed Plaintiff's claims against The Goldman Sachs Group, Inc., CIGNA Corporation, American International Group, Inc., Hewitt Associates LLC, New York-Presbyterian/Weill Cornell Medical Center/The Payne Whitney Clinic, the New York Police Department, and the Fire Department of the City of New York. The Court also dismissed Plaintiff's claims seeking the criminal prosecution of any of the Defendants. The Court directed Plaintiff to show cause, by filing a declaration within sixty days of that order, why the action should not be dismissed as untimely.

The Court received Plaintiff's declaration on December 26, 2017. Plaintiff's declaration, much like his original complaint, is not the model of clarity. Plaintiff asserts that the action should not be dismissed as untimely because "[i]t is a factual certainty that good Plaintiff –

Prosecutor was unable to protect his legal rights because of an overall acute 'inability to function in society' from 2003 – 2015."[1] (Decl. at 2.) Plaintiff attaches numerous documents to his declaration, but none of the documents supports his contention. In his declaration, Plaintiff also rehashes prior litigation and alleges that his inability to remain employed was because of the actions of others, not due to his inability to function.

## DISCUSSION

### A.     Effect of Pending Appeal

On March 29, 2018, Plaintiff filed a notice of interlocutory appeal (ECF No. 17), and on April 1, 2018, Plaintiff filed a motion for leave to appeal *in forma pauperis* ("IFP"). (ECF No. 18.) By order dated April 2, 2018, the Court denied Plaintiff's motion for leave to appeal IFP. (ECF No. 20.) As a general rule, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy . . . ." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). For example, the rule "does not apply where an appeal is frivolous[,][n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F.Supp.2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

---

[1] It appears likely that Plaintiff is quoting a case cited in the Court's November 2, 2017 order to Plaintiff to show cause. *See* ECF No. 8 at 7 ("tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society") (quoting *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006)).

Plaintiff filed a notice of interlocutory appeal in response to an order directing him to show cause, by filing a declaration within sixty days of that order, why the action should not be dismissed as untimely. Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective, and this Court retains jurisdiction over this action. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, No. 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal.").

**B.    Statute of Limitations**

The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002).

Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). It is clear that Plaintiff knew or should have been aware of the alleged violations from July 2001 through November 2003. Plaintiff's complaint was received by the Court on August 17, 2017, more than 16 years after the first alleged incident occurred, and approximately 14 years after the last alleged incident occurred.

C.     **Equitable Tolling**

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, under New York Law, if a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner*, 2006 WL 2742043, at *5 n.4 (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). "[T]the disability must be of a 'severe and incapacitating nature.'" *Thomas v. Harris*, No. 10-CV-4025 (PAE), 2016 WL 4702443, at *5 (S.D.N.Y. Sept. 6, 2016) (quoting *Dumas v. Agency for Child Dev.−N.Y.C. Head Start*, 569 F. Supp. 831, 833 (S.D.N.Y. 1983)). "The plaintiff 'bears the burden of proof on the question of whether a limitations period should be tolled.'" *Id.* (quoting *Keitt v. City of New York,* No. 09-CV-5663 (PKC) (DF), 2010 WL 3466175, at *7 (S.D.N.Y. Aug. 9, 2010), *report and recommendation adopted*, 2010 WL 3466079 (S.D.N.Y. Sept. 2, 2010)).

Here, Plaintiff fails to meet this burden. Rather than providing any *factual* support for his contention that he was unable to function in society from 2003 to 2015, he simply states that he "was unable to protect his legal rights because of an overall acute 'inability to function in society' from 2003 – 2015'" – a quotation from the Court's November 2, 2017 order to show

4

cause. Plaintiff does not attach any documents to his declaration that support his contention. But a Report and Recommendation ("R&R") issued in another case that Plaintiff filed in this court sheds significant light on many of Plaintiff's activities during the timeframe in which Plaintiff purports to have been unable to function in society.

On August 19, 2016, Plaintiff filed an action in this court, seeking judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI"). *See Mitchell v. Berryhill*, No. 16-CV-6588 (WHP) (HBP). The Defendant moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, and Plaintiff moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. By R&R dated February 2, 2018, Magistrate Judge Henry B. Pitman recommended that Defendant's motion be granted and Plaintiff's motion be denied, concluding that the administrative law judge's determination that Plaintiff was not disabled is supported by substantial evidence in the record that was before him. *See* ECF No. 67. In the portions of the R&R titled "Procedural Background" and "Social Background," *see id*. at pp. 3-6, Judge Pitman recites many facts that belie Plaintiff's assertion that he was unable to function in society from 2003 to 2015, or that he was unable to protect his legal rights.

The R&R first details the procedural history of the case, which of course is relevant to Plaintiff's ability to protect his legal rights. On August 20, 2014, Plaintiff filed an application for SSI, alleging disability due to mental illness, anxiety, extreme headaches, and dental problems. His application was initially denied on January 14, 2015, and he requested and was granted a hearing before an administrative law judge ("ALJ"). Plaintiff appeared without an attorney at a hearing before ALJ Grabeel on October 5, 2015.

In the "Social Background" section of the R&R, Magistrate Judge Pitman details Plaintiff's professional and personal activities from 2010 – 2014. In approximately April 2010, Plaintiff began working as a census supervisor at the United States Census Bureau, where he managed staff, performed quality control, and conducted interviews. He left this position after a number of months due to the temporary nature of that job. Plaintiff then worked as a managing director at a financial services firm from February 2011 through March 2011. The court noted further that Plaintiff indicated in two "Function Reports" dated October 8, 2014, and December 26, 2014, that he moved to New York City in approximately November 2014, that he went outside daily via car, public transportation, or on foot. He also indicated that he shopped weekly either online, in stores, or by telephone, and that on a daily basis, he did cardiovascular exercises or weight training, and described himself as "very physically fit." *Id*. at p. 6. Plaintiff also stated that he would spend the rest of the day reading, watching films, watching sports or working on his entrepreneurial ventures; and that he went to restaurants and libraries, and had no issues with his personal grooming, was able to do cook and do housework, and described himself as "sophisticated" in all aspects of personal finance, including managing his own money and paying his own bills. *Id.*

Despite Plaintiff's assertion, it appears that he was able and did function in society during the timeframe in question. Based on the foregoing, Plaintiff has not carried his burden of showing he was unable to function in society during that timeframe. There is therefore no reason for the statute of limitations to be equitably tolled. The Court finds that Plaintiff's claims are time-barred and must be dismissed.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed as time-barred.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 9, 2018
       New York, New York

                                                COLLEEN McMAHON
                                     Chief United States District Judge